915 F.2d 1584
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PARSIPPANY CONSTRUCTION CO., INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 90-1149.
 United States Court of Appeals, Federal Circuit.
 Sept. 20, 1990.
 
 Before ARCHER, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Parsippany Construction Co., Inc. (Parsippany) appeals two decisions of the Armed Services Board of Contract Appeals, ASBCA Nos. 31050 and 31142 (Sept. 8, 1989), denying it an equitable adjustment for the cost of "borrow material" (soil) to replace unsatisfactory "backfill material" during removal and replacement of sanitary sewer lines pursuant to two contracts with the U.S. Army (Government). Because there was no patent ambiguity or glaring omission and the contractor's construction of the operative contract language, "indicated grades," was reasonable, we reverse.
 
 OPINION
 
 2
 This court has jurisdiction to hear Parsippany's appeal pursuant to 28 U.S.C. Sec. 1295(a)(10) (1988) and 41 U.S.C. Sec. 607(g)(1)(A) (1988). The sole issue before us is whether the two contracts reimburse Parsippany on a unit price basis for "borrow material" to replace unsatisfactory "backfill material" only below the pipes installed, or also above the pipes up to the level of the ground. Since the interpretation of contract language is a legal issue, our review is de novo, and the Board's conclusions are neither final nor binding upon this court. 41 U.S.C. Sec. 609(b) (1988); George Hyman Constr. Co. v. United States, 832 F.2d 574, 579 (Fed.Cir.1987). Nor need we give any deference except whatever deference may be due because of the Board's expertise, if any, relating to the issues presented. See FMC Corp. v. United States, 853 F.2d 882, 885 (Fed.Cir.1988). Cf. Glaxo Operations UK Ltd. v. Quigg, 894 F.2d 392, 399 (Fed.Cir.1990). Here, little deference is due, because the Board's expertise is of limited relevance to the issue.
 
 I.
 
 3
 Our cases hold that if a contract on its face contains a "patent" or "glaring" ambiguity (or omission), as the nondrafting party the contractor has a duty to make reasonable inquiry before bidding. Fort Vancouver Plywood Co. v. United States, 860 F.2d 409, 414 (Fed.Cir.1988); United States v. Turner Constr. Co., 819 F.2d 283, 285-86 (Fed.Cir.1987). If he fails to do so, he assumes the risk of additional costs incurred in complying with the contract if the ambiguity is later resolved against him. On the other hand, if an ambiguity is not "patent," the nondrafter prevails, provided his interpretation of the contract is "reasonable," even if the interpretation of the drafting party (nearly always the Government) is also reasonable. Fort Vancouver, 860 F.2d at 414; Turner, 819 F.2d at 286.
 
 
 4
 Contract line items (CLIN) 0005 and 0020 provide payment on a unit price basis for "satisfactory borrow material to replace unsatisfactory material below indicated grades" (emphasis added) (App. 60-61). The Board ruled that because the term "indicated grades" was neither defined nor appeared elsewhere in the contracts, the contracts in issue contained a "patent" ambiguity. We disagree. While in various usages "grade" can mean either the level of the pipes or the level of the ground, we hold that in light of all the contract language and drawings, any ambiguity in the disputed clauses of the contracts was not so glaring as to require further inquiry from Parsippany.
 
 II.
 
 5
 Having determined that the contracts in issue do not contain a patent or glaring ambiguity or omission, we must decide whether Parsippany's construction of the contract term is reasonable. As indicated above, the term "grade" can be used in various ways, and in these contracts, it apparently was. The Government argues that the usual civil engineering definition of "grade" is the surface prepared for support of a conduit. But Paragraph 1.07(c)(2) of the Technical Specifications states that the "borrowed" material in CLIN 0005 is to be measured from "existing and finished grades." As the Government concedes, Drawing 4-599 (App. 91) illustrates the "existing grade" as being the surface of the ground. Moreover, the use of the term "finished" to modify "grade" also implies that the grade referred to is the ground level. While it is not the only interpretation possible, it seems entirely reasonable for Parsippany to conclude that payment for borrow material "below indicated grades" under CLINs 0005 and 0020 was to be made for any and all new material needed to replace unsuitable backfill up to the surface of the ground.
 
 
 6
 We conclude that Parsippany's construction is reasonable because it makes all provisions sensible, clear and consistent. Therefore, even if the Government's interpretation were equally or even more reasonable, under the law, appellant must prevail. Accordingly, the decisions appealed from are reversed.